# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/31/2019
CT Log Number 534838947

TO: Chris Dzbanski
FORD MOTOR COMPANY
1 American Rd Whq 421-E6
Dearborn, MI 48126-2701

RE: **Process Served in California**

FOR: Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Geralynla Fleur Shepard, Pltf. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Cover Sheet, Stipulation(s), Instructions |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 19STCV02254 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2008 Ford Escape, 1FMCU03148KA71994 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2019 at 15:33 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Tionna Dolin<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>310-929-4900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/01/2019, Expected Purge Date: 02/06/2019<br><br>Image SOP<br><br>Email Notification,  Chris Dzbanski  cdzbansk@ford.com<br><br>Email Notification,  Mary Ann MacKinnon  mmackin1@ford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

19STCV02254

lectronically FILED by Superior Court of California, County of Los Angeles on 01/22/2019 10:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES
1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERALYN LA FLEUR SHEPARD

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| 111 N. Hill Street<br>Los Angeles, California 90012 | 19STCV02254 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tionna Dolin; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 01/22/2019 | Clerk, by<br>*(Secretario)* Kristina Vargas | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/31/19

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

19STCV02254

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2019 10:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Attorney for Plaintiff GERALYN LA FLEUR SHEPARD

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GERALYN LA FLEUR SHEPARD,<br>        Plaintiff,<br><br>    vs.<br><br>FORD MOTOR COMPANY; AIRPORT<br>MARINA FORD; and DOES 1 through 10,<br>inclusive,<br><br>        Defendants. | Case Nos.:<br><br>Hon.<br>Dept.:<br><br>**COMPLAINT FOR VIOLATION OF<br>STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

**STRATEGIC LEGAL PRACTICES, APC**
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

Plaintiff alleges as follows:

**PARTIES**

1.     As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff GERALYN LA FLEUR SHEPARD.

2.     Plaintiff is a resident of Los Angeles County, California.

3.     As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4.     Defendant FORD MOTOR COMPANY ("Defendant") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in LOS ANGELES County.

5.     Defendant AIRPORT MARINA FORD ("Defendant AIRPORT") is a business entity organized and in existence under the laws of the State of California. At all times relevant herein, Defendant AIRPORT was engaged in the business of selling automobiles in Los Angeles County, California.

6.     Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

**TOLLING OF THE STATUTES OF LIMITATION**

7.     To the extent there are any statutes of limitation applicable to Plaintiff's claims- including, without limitation, the express warranty, implied warranty, and fraudulent omission claims – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules:  equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FMC

## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

8.     On or about May 26, 2007, Plaintiff purchased a 2008 Ford Escape vehicle identification number 1FMCU03148KA71994 (hereafter "Vehicle") which was manufactured and or distributed by Defendant.  The Vehicle was purchased or used primarily for personal, family, or household purposes.  Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

9.     In connection with the purchase, Plaintiff received an express written warranty, including a 3 year/36,000 miles bumper to bumper warranty and a 5 year/60,000 miles powertrain warranty, which covers the engine and transmission. Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

10.     During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects causing the HVAC system to leak red fluid; defects requiring the replacement of the condenser; defects causing an oil leak; defects causing the transmission cooler to leak; defects requiring the replacement of the transmission cooler; defects requiring the performance of TSB 09-09-04; defects requiring premature requirement resurfacing of brake rotors and/or relining of brakes; defects causing a hissing noise from the engine; defects causing the exhaust valves to leak; defects requiring the replacement of the exhaust valves; defects causing the brakes to make a clicking sound; defects causing the battery to fail prematurely; defects requiring premature replacement of the battery; defects relating to the ignition; defects requiring the replacement of the ignition lock cylinder; defects causing a warning chime even after key is removed; defects causing the illumination of the check engine light ("CEL"); defects causing storage of Diagnostic Trouble Code ("DTC")

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

P0304; defects requiring the replacement of left cylinder head and/or valves; defects related to the transmission; defects causing the transmission to jerk; defects causing the transmission to fail; defects requiring the transmission to be overhauled; defects requiring the reprogramming of the powertrain control module (PCM); defects requiring the replacement of the motor mounts and/or transmission mounts; performance of Recall 14S05; defects requiring replacement of the starter; defects causing failure to start; defects requiring replacement of the ignition switch and/or actuator; defects causing the transmission to fail to move; defectsa causing shifting problems and/or failure; defects causing the storage of DTC P0732, P1714, and/or P1270; defects causing the transmission fluid to be contaminated with metal and/or friction material debris; defects causing the FWD and/or reverse clutch to fail; defects causing the oil filter to leak; defects causing the Vehicle's transmission to make abnormal noises when shifting between gears; defects related to the transmission assembly; and/or any other defects enumerated in the Vehicle's repair history. Said defects substantially impair the use, value, or safety of the Vehicle.

11.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

12.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

13.     Plaintiff suffered damages in a sum to be proven at trial in an amount not less than $25,001.00.

14.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

3

1  warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

2  promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil

3  penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794,

4  subdivision (c).

5    15.    Defendant does not maintain a qualified third-party dispute resolution process

6  which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is

7  entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code

8  section 1794, subdivision (e).

9    16.    Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e)

10 in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

11 section 1794, subdivision (f).

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT FMC**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

15   17.    Plaintiff incorporates by reference the allegations contained in the paragraphs

16 set forth above.

17   18.    Although Plaintiff presented the Vehicle to Defendant's representative in this

18 state, Defendant and its representative failed to commence the service or repairs within a

19 reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

20 warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff

21 did not extend the time for completion of repairs beyond the 30-day requirement.

22   19.    Plaintiff has been damaged by Defendant's failure to comply with its

23 obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

24 Action pursuant to Civil Code section 1794.

25   20.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

26 Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff

27 does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code

28 section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the

4

**COMPLAINT; JURY TRIAL DEMANDED**

1    remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

2    value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the

3    Vehicle's value is *de minimis*.

4         21.    Defendant's failure to comply with its obligations under Civil Code section

5    1793.2(b) was willful, in that Defendant and its representative were aware that they were

6    obligated to service or repair the Vehicle to conform to the applicable express warranties

7    within 30 days, yet they failed to do so.  Accordingly, Plaintiff are entitled to a civil penalty of

8    two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

9    **THIRD CAUSE OF ACTION**

10   **BY PLAINTIFF AGAINST DEFENDANT FMC**

11   **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

12        22.    Plaintiff incorporate by reference the allegations contained in paragraphs set

13   forth above.

14        23.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed

15   to make available to its authorized service and repair facilities sufficient service literature and

16   replacement parts to effect repairs during the express warranty period.  Plaintiff has been

17   damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

18   1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

19        24.    Defendant's failure to comply with its obligations under Civil Code section

20   1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide

21   literature and replacement parts sufficient to allow its repair facilities to effect repairs during

22   the warranty period, yet Defendant failed to take any action to correct its failure to comply

23   with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual

24   damages; pursuant to Civil Code section 1794(c).

25   ///

26   ///

27   ///

28   ///

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FMC
## BREACH OF EXPRESS WRITTEN WARRANTY
### (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

25.     Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

26.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

27.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

28.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANTS
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (CIV. CODE, § 1791.1; § 1794; § 1795.5)

29.     Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

30.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1,

6

the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

31.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

32.     At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

33.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FMC

## (Fraud by Omission)

42. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff purchased the Vehicle as manufactured with Defendant's transmission.

44.     Defendant committed fraud by allowing to be sold to Plaintiff the Vehicle without disclosing that the Subject Vehicle and its transmission was defective and susceptible to sudden and premature failure.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

7

45.     In particular, Plaintiff is informed, believes, and thereon alleges that prior to Plaintiff acquiring the Subject Vehicle, FMC was well aware and knew that the transmission installed in the Subject Vehicle was defective but failed to disclose this fact to Plaintiff at the time of sale and thereafter.

46.     Specifically, FMC knew (or should have known) that the transmission had one or more defects that can result in various problems, including, but not limited to, shuddering, shaking, jerking, transmission fluid contaminated with metal debris, valve body failure and/or total transmission failure ("Transmission Defect"). These conditions present a safety hazard and are unreasonably dangerous to consumers because they can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, deceleration and/or overall responsiveness of the vehicle in various driving conditions.

47.     Plaintiff is informed, believes and thereon alleges that FMC acquired its knowledge of the Transmission Defect prior to Plaintiff acquiring the Subject Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to pre-production and post-production testing data, early consumer complaints about the transmission defect made directly to FMC and its network of dealers, aggregate warranty data compiled from FMC's network of dealers, testing conducted by FMC in response to these complaints, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers, amongst other sources of internal information.

48.     Plaintiff is informed, believes, and thereon alleges that while Defendant knew about the Transmission Defect, and its safety risks since 2007, if not before, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its transmission to Plaintiff at the time of sale, repair, and thereafter. Had Plaintiff known that the Subject Vehicle suffered from the Transmission Defect, she would not have purchased the Subject Vehicle.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

8

49.     Indeed, Plaintiff alleges that Defendant knew that the Vehicle and its transmission suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

50.     Defendant was under a duty to Plaintiff to disclose the defective nature of the Vehicle and its transmission, its safety consequences and/or the associated repair costs because:

a.     Defendant acquired its knowledge of the Transmission Defect and its potential consequences prior to Plaintiff acquiring the Subject Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to pre-production testing data, early consumer complaints about the transmission defect made directly to FMC and its network of dealers, aggregate warranty data compiled from FMC network of dealers, testing conducted by FMC in response to these complaints, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers, amongst other sources of internal information;

b.     Defendant was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with the defective transmission; and

c.     Plaintiff could not reasonably have been expected to learn or discover of the Vehicle's Transmission Defect and its potential consequences until well after Plaintiff purchased/leased the Vehicle given Defendant's failure to disclose information about the transmission's defective nature.

51.     In failing to disclose the defects in the Vehicle's transmission, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

52.     The facts concealed or not disclosed by Defendant to Plaintiff are material in that a reasonable person would have considered them to be important in deciding whether or not to

COMPLAINT; JURY TRIAL DEMANDED

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1  purchase/lease the Vehicle.  Had Plaintiff known that the Vehicle and its transmission were

2  defective at the time of sale, she would not have purchased/leased the Vehicle.

3       53.     Plaintiff is a reasonable consumer who does not expect her transmission to fail

4  and not work properly.  Plaintiff further expects and assumes that Defendant will not sell or

5  lease vehicles with known material defects, including but not limited to those involving the

6  vehicle's transmission and will disclose any such defect to its consumers before selling such

7

8  vehicles.

9       54.     Plaintiff only became suspicious that the Subject Vehicle suffered from the

10  Transmission Defect after presenting the Subject Vehicle to Defendant for a reasonable

11  number of repair attempts to no avail. When it became evident that Defendant was unable to

12  repair the Transmission Defect, Plaintiff contacted FMC directly to request a repurchase or

13  replacement in or about October 2018, which Defendant denied.

14

15       55.     As a result of Defendant's misconduct, Plaintiff has suffered and will continue to

16  suffer actual damages.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; JURY TRIAL DEMANDED

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a.  For Plaintiff's actual damages in an amount according to proof;

    b.  For restitution;

    c.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d.  For any consequential and incidental damages;

    e.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    f.  For punitive damages;

    g.  For prejudgment interest at the legal rate; and

    h.  For such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: January 21, 2019          STRATEGIC LEGAL PRACTICES, APC

BY: _____

          TIONNA DOLIN
          Attorney for Plaintiff

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

19STCV02254
Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2019 10:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>TIONNA DOLIN (SBN 299010)<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 929-4900    FAX NO.: (310) 943-3838<br>ATTORNEY FOR *(Name):* Plaintiff GERALYN LA FLEUR SHEPARD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
SHEPARD v. FORD MOTOR COMPANY, AIRPORT MARINA FORD; and DOES 1 through 10 inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* six (6)

5. This case ☐ is  ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/21/19

TIONNA DOLIN
_____          ▶ _____
         (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Shepard v. FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10 inclusive | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Shepard v. FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10 inclusive | CASE NUMBER |
|---|---|

| A<br>Civil Case Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
|  | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
|  | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
|  | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
|  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
|  | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
|  | ☐ A6032  Quiet Title | 2, 6 |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Shepard v. FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10 inclusive | | CASE NUMBER |
|---|---|---|

| | A<br>Civil-Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Shepard v. FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10 inclusive | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>5880 Centinela Avenue |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles (Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)).

Dated: __01/21/19__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserve J ' ' Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: | |
|---|---|---|---|

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                      (INSERT DATE)                               (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____        _____
                                                                JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

▫ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.


■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/22/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: ___Kristina Vargas___ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV02254 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Mel Red  Recana | 45 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 01/26/2019
(Date)                                                    By Kristina Vargas_____, Deputy Clerk

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2019 11:21 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:19-cv-01569-MRW   Document 1-1   Filed 03/04/19   Page 37 of 60   Page ID #:47

STEPHEN H. DYE (SBN 104385)
  e-mail: sdye@schnader.com
RICHARD J. MAY (SBN 234684)
  e-mail: rmay@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, California  94108-2736
Telephone:  (415) 364-6700
Facsimile: (415) 364-6785

Attorneys for Defendant
FORD MOTOR COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

| | |
|---|---|
| GERALYN LA FLEUR SHEPARD,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **Case No. 19STCV02254**<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  January 22, 2019<br>Trial Date:     None assigned |

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

Defendant FORD MOTOR COMPANY ("Ford"), for itself alone and for no other parties, hereby answers the Complaint of Plaintiff GERALYN LA FLEUR SHEPARD ("Plaintiff") as follows:

**GENERAL DENIAL**

Under the provisions of §431.30(d) of the California Code of Civil Procedure, Ford denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiff's Complaint on file herein and the whole thereof, and denies that Plaintiff was damaged in any sum or sums, or at all.

**AFFIRMATIVE DEFENSES**

Ford alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts)

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Ford.

**SECOND AFFIRMATIVE DEFENSE**

(No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiff's concerns were resolved under the warranty or occurred after the expiration of the original express warranty.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of her acts, failures to act, conduct, representations, admission, and the like.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff has waived her rights to the claims, causes of action and relief sought in this Complaint against Ford, by virtue of her acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Ford.  Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

/ / /

/ / /

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

1     **SIXTH AFFIRMATIVE DEFENSE**

2     (Economic Loss Rule)

3     Plaintiff's causes of action have not accrued because Plaintiff cannot establish that she

4 suffered injury directly from the subject vehicle or products and, therefore, Plaintiff's

5 contention that the subject vehicle or products failed to adequately perform their functions are

6 barred by the economic loss rule.

7     **SEVENTH AFFIRMATIVE DEFENSE**

8     (Performance)

9     Prior to the commencement of this action, Ford fully performed, satisfied and discharged

10 all duties and obligations it may have owed to Plaintiff arising out of any and all agreements,

11 representations or contracts made by it or on its behalf and this action is therefore barred by the

12 provisions of Civil Code section 1473.

13     **EIGHTH AFFIRMATIVE DEFENSE**

14     (Abuse, Misuse, Alteration and Improper Care)

15     Plaintiff and/or others misused, abused, altered and improperly cared for and maintained

16 the subject vehicle contrary to Ford's approval or consent and Plaintiff's damages, if any, were

17 proximately caused by such misuse, alteration, abuse and neglect of the product.

18     **NINTH AFFIRMATIVE DEFENSE**

19     (No Defect in Materials or Workmanship)

20     The damages asserted in Plaintiff's Complaint were not the result of any defect in

21 material or workmanship in any vehicle manufactured by Ford.  Specifically, Ford alleges that

22 after appropriate discovery, one or more of the stated specific warranty exclusions may be

23 applicable.

24     **TENTH AFFIRMATIVE DEFENSE**

25     (No Timely Revocation of Acceptance)

26     Plaintiff has no restitution remedy under breach of implied warranty because there was

27 no timely revocation of acceptance before a substantial change in the condition of the goods.

28 / / /

3

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

(Failure to Maintain Vehicle)

3

Ford alleges that Plaintiff is precluded from recovery due to failure to maintain and

4

service the subject vehicle in conformance with the requirements and recommendations of the

5

owner's manual and/or warranty booklet.

6

**TWELFTH AFFIRMATIVE DEFENSE**

7

(Disclaimer of Incidental and Consequential Damages and Limitation of Damages)

8

The limited warranty for the subject vehicle at issue limits the damages that may be

9

obtained by Plaintiff for any alleged breach of warranty such that some, if not all, of the

10

damages sought, including those for incidental or consequential damages, are not recoverable.

11

**THIRTEENTH AFFIRMATIVE DEFENSE**

12

(Vehicle Fit for Intended Purpose)

13

The subject vehicle was fit for providing transportation at all relevant times hereto.

14

Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of

15

merchantability.  *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291

16

(1995).

17

**FOURTEENTH AFFIRMATIVE DEFENSE**

18

(Duration of Implied Warranty)

19

The alleged nonconformities did not arise until after the implied warranty expired.

20

Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of

21

merchantability.  California Civil Code §1791.1(c).

22

**FIFTEENTH AFFIRMATIVE DEFENSE**

23

(No Impairment of Use, Value or Safety)

24

The subject vehicle has not been subject to repair for any nonconformity or condition

25

that substantially impaired the use, value or safety of the vehicle.

26

/ / /

27

/ / /

28

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

4

1

2

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unreasonable Use of Vehicle)

3

4

Plaintiff's claims may be barred by waiver due to Plaintiff's unreasonable use of the vehicle after the nonconformity or nonconformities allegedly could not be repaired.

5

### SEVENTEENTH AFFIRMATIVE DEFENSE

6

(Failure to Use Dispute Resolution Process)

7

8

9

Plaintiff and/or the owner(s) of the subject vehicle received timely notice of the availability of a third party dispute resolution process, and that no effort was made to use such process.

10

### EIGHTEENTH AFFIRMATIVE DEFENSE

11

(Failure to Provide Reasonable Opportunity to Cure)

12

13

Plaintiff failed to provide it with a reasonable opportunity to cure any alleged defect as required by 15 U.S.C. §2310(e) and Civil Code §1790, *et seq.*

14

### NINETEENTH AFFIRMATIVE DEFENSE

15

(No Prejudgment Interest)

16

17

Plaintiff's Complaint fails to state facts sufficient to constitute a basis for recovery of prejudgment interest.

18

### TWENTIETH AFFIRMATIVE DEFENSE

19

(Business Use)

20

21

22

23

The subject vehicle was not purchased or used primarily for personal, family, or household purposes and that the business use was by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which more than five motor vehicles were registered in this state.

24

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25

(Failure to Mitigate)

26

27

Plaintiff failed and neglected to use reasonable care to protect herself and to minimize her losses and damages, if any.

28

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1
2
3
4
5
6
7
8
9
10
11

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Agency Relationship)

Ford denies any allegations of agency contained in Plaintiff's Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiff knew about matters giving rise to the Complaint and assumed the risk created thereby.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

Ford has acted in good faith and reasonably with respect to the matters alleged in Plaintiff's Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Doctrine of Consent)

Plaintiff is barred from recovering the relief sought by reason of the doctrine of consent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's Complaint and each cause of action contained therein does not state facts sufficient to constitute a cause of action in that the Complaint and each cause of action is barred by the applicable statute of limitations, including, but not limited to, those stated in Part II, Title 2, Chapter 3 of the California Code of Civil Procedure, §§335 through 346.4, California Civil Code, §§1783, 1791.1, 1793.2, and 1793.22, California Commercial Code, §2725, and Business and Professions Code, §17208.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Warranty Exclusions)

Plaintiff's action for breach of warranty is barred by the terms, conditions, disclaimers and exclusions of the warranty, if any. Moreover, Plaintiff has failed to comply with all obligations under the warranty, if any, to include, but not limited to, timely notice, proper maintenance and appropriate use.

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

(Civil Penalty Barred)

3      Any prayer made by Plaintiff for a civil penalty pursuant to Civil Code §1794(e) is

4   barred because Ford maintains a qualified third party dispute resolution process, which

5   substantially complies with subdivision (d) of §1793.22 of the Civil Code.  Further, Plaintiff

6   failed to serve the notice required for recovery of a civil penalty under this provision.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

(Spoliation of Evidence)

9      This action is barred or limited because of the altering, spoiling, damaging, destruction,

10   or losing of evidence by Plaintiff, which thereby has reduced the likelihood that this action will

11   result in a reliable adjudication of facts, and impairs Ford's right to a fair opportunity to

12   adjudicate its alleged liability.

13

## THIRTIETH AFFIRMATIVE DEFENSE

14

(Failure to Properly Notify)

15      Plaintiff has failed to properly provide timely notice, within a reasonable period of time

16   after discovery of her claims and alleged defects. Consequently, Ford has been damaged and

17   prejudiced, barring the Complaint, and each cause of action therein, as a matter of law.

18

## THIRTY-FIRST AFFIRMATIVE DEFENSE

19

(No Breach)

20      Defendant performed all duties owed under the warranty other than any duties that were

21   prevented or excused.  Accordingly, there has been no breach of warranty.

22

## THIRTY-SECOND AFFIRMATIVE DEFENSE

23

(Statute of Frauds)

24      To the extent Plaintiff is suing for breach of an oral representation or contract, such an

25   oral representation or contract would be unenforceable pursuant to Civil Code

26   section 1624(a)(1-7).

27   / / /

28   / / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

7

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintained a qualified third party dispute resolution process at the time the subject vehicle was purchased that substantially complied with Section 1793.2 of the California Civil Code. Defendant is informed and believes and thereon alleges Plaintiff received timely and appropriate notification, in writing, of the availability of the third party resolution process. Accordingly, since Plaintiff did not avail herself of the third party dispute resolution process prior to filing this litigation, Section 1794(e)(2) of the California Civil Code may bar Plaintiff from recovering damages for (i) attorney fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code Section 1794(e)), and Plaintiff may not avail herself of the rebuttable presumption pursuant to California Civil Code Section 1793.2(e)(1).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Constitutionality of Punitive Damages)

Plaintiff's claims are in contravention of Ford's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions: (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate Ford's right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improperly Pled/Not Recoverable)

Plaintiff has not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiff's Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by Ford under California Civil Code section 3294(b).

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(Punitive Damages Impermissible For Extra-Territorial Conduct)

3      Any award of punitive damages based on anything other than Ford's conduct in

4  connection with the design, manufacture, and sale of the subject vehicle or products that are the

5  subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the

6  United States Constitution because any other judgment for punitive damages in this case cannot

7  protect Ford against impermissible multiple punishment for the same wrong and against

8  punishment for extra-territorial conduct.

9

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10

(Punitive Damages Unconstitutional)

11      An award of punitive or exemplary damages to Plaintiff would violate Ford's

12  constitutional rights under the provisions of the United States and California Constitutions,

13  including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to

14  the United States Constitution and Article I, Section 7 of the California Constitution because,

15  among other things, (1) any award of punitive or exemplary damages would be grossly out of

16  proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no

17  legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring

18  its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other

19  jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to

20  warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the

21  imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail

22  to provide fair notice of what conduct will result in the imposition of such damages.

23

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

24

(Clear and Convincing Standard for Punitive Damages)

25      Ford alleges that any predicate liability finding for the imposition of punitive damages

26  or a finding of the amount of any punitive damage award based upon a burden of proof of less

27  than clear and convincing evidence violates due process and is unconstitutional.

28  ///

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Financial Status of Defendant)

To the extent that California law permits punishment to be measured by the net worth or financial status of Ford and allows the fact finder to impose greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the California Constitution.

## FORTIETH AFFIRMATIVE DEFENSE

### (Arbitration Clause in Purchase Agreement)

The purchase or lease agreement for the subject vehicle, signed by Plaintiff, includes an agreement to arbitrate. Plaintiff has thus agreed to resolve this dispute by neutral, binding arbitration and not by court action.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Set Off)

Defendant alleges that if it is established that it is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of those damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Fees and Costs)

Defendant is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable attorney's fees and defense costs as permitted by California law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

(Additional Defenses)

Ford alleges that it may have additional affirmative defenses available to it of which it is not now fully aware.  Ford reserves the right to assert affirmative defenses after the same shall have been ascertained.

## PRAYER

WHEREFORE, Ford prays as follows:

1.      For dismissal of Plaintiff's Complaint with prejudice;

2.      For judgment in favor of Ford against Plaintiff;

3.      For Ford's fees and costs of suit herein; and

4.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ford hereby demands a jury trial on all claims asserted by Plaintiff.

Dated: March 1, 2019                    SCHNADER HARRISON SEGAL & LEWIS LLP


By: _____
        RICHARD J. MAY
        Attorneys for Defendant
        FORD MOTOR COMPANY

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

FORD'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

1

## **PROOF OF SERVICE**

2

I declare under penalty of perjury under the laws of the State of California that the

3

following is true and correct:  I am employed in the City and County of San Francisco, State of

California, in the office of a member of the bar of this court, at whose direction the service was

4

made.  I am a citizen of the United States, over the age of eighteen (18) years, and not a party to

or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL &

5

LEWIS LLP, 650 California Street, 19th Floor, San Francisco, California 94108-2736.

6

I caused to be served the following document(s) and by the following means:

7

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO**

**PLAINTIFF'S COMPLAINT FOR VIOLATION OF STATUTORY**

8

**OBLIGATIONS**

9

☒     **First-Class Mail:**  I enclosed a true and correct copy of said document in an envelope

and placed it for collection and mailing with the United States Post Office on the date

10

set forth below, following the ordinary business practice; addressed as follows:

11

Tionna Dolin, Esq.                              *Attorneys for Plaintiff*

12

Daniel C. Tai, Esq.                             **GERALYN LA FLEUR SHEPARD**

Strategic Legal Practices, APC

13

1840 Century Park East, Suite 430

Los Angeles, CA  90067

14

T:  (310) 929-4900

F:  (310) 943-3838

15

Email:    tdolin@slpattorney.com

dtai@slpattorney.com

16

I am readily familiar with my firm's practice for collection and processing of

17

correspondence for delivery in the manner indicated above, to wit, that correspondence will be

deposited for collection in the above-described manner this same day in the ordinary course of

18

business.

19

Executed on March 1, 2019, at San Francisco, California.

20

21

_____

22

SUSIE M. ARZAVE

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PROOF OF SERVICE

1  STEPHEN H. DYE (SBN 104385)
     e-mail: sdye@schnader.com
2  RICHARD J. MAY (SBN 234684)
     e-mail: rmay@schnader.com
3  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
4  San Francisco, California  94108-2736
   Telephone:  (415) 364-6700
5  Facsimile: (415) 364-6785

6  Attorneys for Defendant
   FOX HILLS AUTO, INC. d/b/a AIRPORT MARINA
7  FORD

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

11

| 12 GERALYN LA FLEUR SHEPARD, | **Case No. 19STCV02254** |
| 13                     Plaintiff, | **DEFENDANT FOX HILLS AUTO, INC. D/B/A AIRPORT MARINA FORD'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** |
| 14        vs. | |
| 15 FORD MOTOR COMPANY; AIRPORT MARINA FORD; and DOES 1 through 10, | |
| 16 inclusive, | **DEMAND FOR JURY TRIAL** |
| 17                     Defendants. | Action Filed:   January 22, 2019 |
| 18 | Trial Date:     None assigned |

19

20

21          Defendant FOX HILLS AUTO, INC. d/b/a AIRPORT MARINA FORD ("Dealership"),

22  for itself alone and for no other parties, hereby answers the Complaint of Plaintiff GERALYN

23  LA FLEUR SHEPARD ("Plaintiff") as follows:

24                              **GENERAL DENIAL**

25          Under the provisions of §431.30(d) of the California Code of Civil Procedure,

26  Dealership denies each and every allegation, both specifically and generally, of each cause of

27  action contained in Plaintiff's Complaint on file herein and the whole thereof, and denies that

28  Plaintiff was damaged in any sum or sums, or at all.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

**AFFIRMATIVE DEFENSES**

Dealership alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts)

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Dealership.

**SECOND AFFIRMATIVE DEFENSE**

(No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiff's concerns were resolved under the warranty or occurred after the expiration of the original express warranty.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of her acts, failures to act, conduct, representations, admission, and the like.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff has waived her rights to the claims, causes of action and relief sought in this Complaint against Dealership, by virtue of her acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Dealership.  Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

Plaintiff's causes of action have not accrued because Plaintiff cannot establish that she suffered injury directly from the subject vehicle or products and, therefore, Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

(Performance)

Prior to the commencement of this action, Dealership fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

**EIGHTH AFFIRMATIVE DEFENSE**

(Abuse, Misuse, Alteration and Improper Care)

Plaintiff and/or others misused, abused, altered and improperly cared for and maintained the subject vehicle contrary to Dealership's approval or consent and Plaintiff's damages, if any, were proximately caused by such misuse, alteration, abuse and neglect of the product.

**NINTH AFFIRMATIVE DEFENSE**

(No Defect in Materials or Workmanship)

The damages asserted in Plaintiff's Complaint were not the result of any defect in material or workmanship in any vehicle manufactured by Dealership.  Specifically, Dealership alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

(Failure to Maintain Vehicle)

3      Dealership alleges that Plaintiff is precluded from recovery due to failure to maintain

4  and service the subject vehicle in conformance with the requirements and recommendations of

5  the owner's manual and/or warranty booklet.

6

## TWELFTH AFFIRMATIVE DEFENSE

7

(Disclaimer of Incidental and Consequential Damages and Limitation of Damages)

8      The limited warranty for the subject vehicle at issue limits the damages that may be

9  obtained by Plaintiff for any alleged breach of warranty such that some, if not all, of the

10  damages sought, including those for incidental or consequential damages, are not recoverable.

11

## THIRTEENTH AFFIRMATIVE DEFENSE

12

(Vehicle Fit for Intended Purpose)

13      The subject vehicle was fit for providing transportation at all relevant times hereto.

14  Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of

15  merchantability.  *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291

16  (1995).

17

## FOURTEENTH AFFIRMATIVE DEFENSE

18

(Duration of Implied Warranty)

19      The alleged nonconformities did not arise until after the implied warranty expired.

20  Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of

21  merchantability.  California Civil Code §1791.1(c).

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

(No Impairment of Use, Value or Safety)

24      The subject vehicle has not been subject to repair for any nonconformity or condition

25  that substantially impaired the use, value or safety of the vehicle.

26  / / /

27  / / /

28  / / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## SIXTEENTH AFFIRMATIVE DEFENSE

(Unreasonable Use of Vehicle)

Plaintiff's claims may be barred by waiver due to Plaintiff's unreasonable use of the vehicle after the nonconformity or nonconformities allegedly could not be repaired.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Use Dispute Resolution Process)

Plaintiff and/or the owner(s) of the subject vehicle received timely notice of the availability of a third party dispute resolution process, and that no effort was made to use such process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Provide Reasonable Opportunity to Cure)

Plaintiff failed to provide it with a reasonable opportunity to cure any alleged defect as required by 15 U.S.C. §2310(e) and Civil Code §1790, *et seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

(No Prejudgment Interest)

Plaintiff's Complaint fails to state facts sufficient to constitute a basis for recovery of prejudgment interest.

## TWENTIETH AFFIRMATIVE DEFENSE

(Business Use)

The subject vehicle was not purchased or used primarily for personal, family, or household purposes and that the business use was by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which more than five motor vehicles were registered in this state.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff failed and neglected to use reasonable care to protect herself and to minimize her losses and damages, if any.

///

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2  (No Agency Relationship)

3  Dealership denies any allegations of agency contained in Plaintiff's Complaint.

4  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

5  (Assumption of Risk)

6  Plaintiff knew about matters giving rise to the Complaint and assumed the risk created

7  thereby.

8  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9  (Good Faith Conduct)

10  Dealership has acted in good faith and reasonably with respect to the matters alleged in

11  Plaintiff's Complaint.

12  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13  (Doctrine of Consent)

14  Plaintiff is barred from recovering the relief sought by reason of the doctrine of consent.

15  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

16  (Statute of Limitations)

17  Plaintiff's Complaint and each cause of action contained therein does not state facts

18  sufficient to constitute a cause of action in that the Complaint and each cause of action is barred

19  by the applicable statute of limitations, including, but not limited to, those stated in Part II,

20  Title 2, Chapter 3 of the California Code of Civil Procedure, §§335 through 346.4, California

21  Civil Code, §§1783, 1791.1, 1793.2, and 1793.22, California Commercial Code, §2725, and

22  Business and Professions Code, §17208.

23  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

24  (Warranty Exclusions)

25  Plaintiff's action for breach of warranty is barred by the terms, conditions, disclaimers

26  and exclusions of the warranty, if any. Moreover, Plaintiff has failed to comply with all

27  obligations under the warranty, if any, to include, but not limited to, timely notice, proper

28  maintenance and appropriate use.

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2

(Civil Penalty Barred)

3

Any prayer made by Plaintiff for a civil penalty pursuant to Civil Code §1794(e) is

4

barred because Dealership maintains a qualified third party dispute resolution process, which

5

substantially complies with subdivision (d) of §1793.22 of the Civil Code.  Further, Plaintiff

6

failed to serve the notice required for recovery of a civil penalty under this provision.

7

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

8

(Spoliation of Evidence)

9

This action is barred or limited because of the altering, spoiling, damaging, destruction,

10

or losing of evidence by Plaintiff, which thereby has reduced the likelihood that this action will

11

result in a reliable adjudication of facts, and impairs Dealership's right to a fair opportunity to

12

adjudicate its alleged liability.

13

**THIRTIETH AFFIRMATIVE DEFENSE**

14

(Failure to Properly Notify)

15

Plaintiff has failed to properly provide timely notice, within a reasonable period of time

16

after discovery of her claims and alleged defects. Consequently, Dealership has been damaged

17

and prejudiced, barring the Complaint, and each cause of action therein, as a matter of law.

18

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

19

(No Breach)

20

Defendant performed all duties owed under the warranty other than any duties that were

21

prevented or excused.  Accordingly, there has been no breach of warranty.

22

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

23

(Statute of Frauds)

24

To the extent Plaintiff is suing for breach of an oral representation or contract, such an

25

oral representation or contract would be unenforceable pursuant to Civil Code

26

section 1624(a)(1-7).

27

/ / /

28

/ / /

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

7

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Qualified Third Party Dispute Resolution Process)

Defendant maintained a qualified third party dispute resolution process at the time the subject vehicle was purchased that substantially complied with Section 1793.2 of the California Civil Code.  Defendant is informed and believes and thereon alleges Plaintiff received timely and appropriate notification, in writing, of the availability of the third party resolution process.  Accordingly, since Plaintiff did not avail herself of the third party dispute resolution process prior to filing this litigation, Section 1794(e)(2) of the California Civil Code may bar Plaintiff from recovering damages for (i) attorney fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code Section 1794(e)), and Plaintiff may not avail herself of the rebuttable presumption pursuant to California Civil Code Section 1793.2(e)(1).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Constitutionality of Punitive Damages)

Plaintiff's claims are in contravention of Dealership's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate Dealership's right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Punitive Damages Improperly Pled/Not Recoverable)

Plaintiff has not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiff's Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by Dealership under California Civil Code section 3294(b).

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Punitive Damages Impermissible For Extra-Territorial Conduct)

Any award of punitive damages based on anything other than Dealership's conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect Dealership against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

An award of punitive or exemplary damages to Plaintiff would violate Dealership's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Clear and Convincing Standard for Punitive Damages)

Dealership alleges that any predicate liability finding for the imposition of punitive damages or a finding of the amount of any punitive damage award based upon a burden of proof of less than clear and convincing evidence violates due process and is unconstitutional.

/ / /

9

1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

2

(Punitive Damages – Financial Status of Defendant)

3   To the extent that California law permits punishment to be measured by the net worth or

4   financial status of Dealership and allows the fact finder to impose greater punishment on

5   defendants with larger net worth, such an award would be unconstitutional because it permits

6   arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect

7   verdicts imposing punishment, allows punishment to be imposed based on lawful profits and

8   conduct of Dealership in other States, and allows dissimilar treatment of similarly situated

9   defendants, in violation of the due process and equal protection provisions of the Fourteenth

10  Amendment to the United States Constitution, the Commerce Clause of the United States

11  Constitution, and the California Constitution.

12

### FORTIETH AFFIRMATIVE DEFENSE

13

(Arbitration Clause in Purchase Agreement)

14  The purchase or lease agreement for the subject vehicle, signed by Plaintiff, includes an

15  agreement to arbitrate. Plaintiff has thus agreed to resolve this dispute by neutral, binding

16  arbitration and not by court action.

17

### FORTY-FIRST AFFIRMATIVE DEFENSE

18

(Set Off)

19  Defendant alleges that if it is established that it is in any manner legally responsible for

20  any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of

21  those damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

22

### FORTY-SECOND AFFIRMATIVE DEFENSE

23

(Fees and Costs)

24  Defendant is informed and believes, and on that basis alleges, that the Complaint was

25  brought without reasonable cause and without a good faith belief that there was a justifiable

26  controversy under the facts or the law which warranted the filing of the Complaint against

27  Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and

28  reasonable attorney's fees and defense costs as permitted by California law.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

1

## FORTY-THIRD AFFIRMATIVE DEFENSE

2

(Additional Defenses)

3

Dealership alleges that it may have additional affirmative defenses available to it of

4

which it is not now fully aware.  Dealership reserves the right to assert affirmative defenses

5

after the same shall have been ascertained.

6

## PRAYER

7

WHEREFORE, Dealership prays as follows:

8

1.      For dismissal of Plaintiff's Complaint with prejudice;

9

2.      For judgment in favor of Dealership against Plaintiff;

10

3.      For Dealership's fees and costs of suit herein; and

11

4.      For such other and further relief as the Court may deem just and proper.

12

13

## DEMAND FOR JURY TRIAL

14

Dealership hereby demands a jury trial on all claims asserted by Plaintiff.

15

16

Dated:  March 1, 2019                    SCHNADER HARRISON SEGAL & LEWIS LLP

17

18

By: _____

19

RICHARD J. MAY
Attorneys for Defendant

20

FOX HILLS AUTO, INC. d/b/a AIRPORT
MARINA FORD

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEALERSHIP'S ANSWER TO COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS

**<u>PROOF OF SERVICE</u>**

I declare under penalty of perjury under the laws of the State of California that the following is true and correct: I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 650 California Street, 19th Floor, San Francisco, California 94108-2736.

I caused to be served the following document(s) and by the following means:

**DEFENDANT FOX HILLS AUTO, INC. D/B/A AIRPORT MARINA FORD'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**

☒    **<u>First-Class Mail</u>:** I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on the date set forth below, following the ordinary business practice; addressed as follows:

Tionna Dolin, Esq.                                *Attorneys for Plaintiff*
Daniel C. Tai, Esq.                               **GERALYN LA FLEUR SHEPARD**
Strategic Legal Practices, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067
T: (310) 929-4900
F: (310) 943-3838
Email:    tdolin@slpattorney.com
              dtai@slpattorney.com

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on March 1, 2019, at San Francisco, California.

_____
SUSIE M. ARZAVE

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785